IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **BRUCE KEISHAWN SALTER,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| **HALLIE S. DIXON, in her** ) | |
| **official capacity as District** ) | |
| **Attorney of Baldwin County,** ) | |
| **Alabama, and DEFENDANT A, B,** ) | |
| **and C, being the successors in office** ) | |
| **of Defendant Dixon.** ) | |
| ) | |
| **DEFENDANT.** ) | |

_____

**COMPLAINT**
_____

COMES NOW the Plaintiff, Bruce Keishawn Salter, through his attorneys of record, H. Chase Dearman and William K. Bradford, and files this Complaint for Declaratory, Injunctive, and other relief pursuant to 42 U.S.C § 1983, and states as follows:

## I.    JURISDICTION / VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331, and § 1343 (a)(3) and (a)(4) to obtain redress for the deprivation of rights guaranteed by the Constitution of the United States, specifically including deprivation of rights

guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States, and to secure equitable or other relief under 42 U.S.C. § 1983 which provides for the protection of civil rights. In addition, jurisdiction for the declaratory relief sought by Salter is premised on 28 U.S.C. § 2201.

2. Venue is proper in the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because the Defendant resides and operates in her official capacity within Baldwin County, Alabama, and inasmuch as the events, acts and occurrences from which the Plaintiff's claims arise occurred in the Southern District of Alabama.

## II. PARTIES

3. Plaintiff, Bruce Keishawn Salter, (hereinafter referred to as "Plaintiff" or "Salter") is an individual, over the age of nineteen years, a citizen of the United States and the State of Alabama, and a resident of Baldwin County, Alabama. Salter is presently being held in the Baldwin County, Alabama Jail.

4. Defendant Hallie S. Dixon (hereinafter "Dixon") is over the age of nineteen years, a resident of Baldwin County, Alabama, and is the duly elected District Attorney of Baldwin County, Alabama. Dixon is being sued in her official capacity as the District Attorney of Baldwin County, Alabama. At all times pertinent to this action, Dixon was acting under color of state law.

5. Defendants A, B, and C, are those persons who are the successors to Dixon in the office of District Attorney of Baldwin County, Alabama, and are so plead in order to secure prospective injunctive relief.

### III. STATEMENT OF FACTS

6. On or about January 14, 2013, Donald J. Howard was the victim of an alleged homicide occurring in Fairhope, Alabama, within Baldwin County, Alabama. Howard was shot multiple times and robbed of his personal property.

7. As of January 17, 2013, neither the Baldwin County District Attorney's Office, nor the Baldwin County Sheriff's Department had any knowledge of Mr. Howard's homicide, the identities of the perpetrator(s), or the specific facts attending the homicide.

8. On or about January 17, 2013, Salter, through counsel, contacted Dixon about his knowledge of Mr. Howard's homicide.

9. On January 17, 2013, Salter, along with counsel, met with Dixon at the Baldwin County District Attorney's office. Present at the meeting were; Salter, his attorneys H. Chase Dearman and David Kennedy, Captain Steve Arthur and Sergeant Michael Gaull of the Baldwin County Sheriff's Department, and Dixon.

10. During the meeting, a proffer agreement was reached between Salter and the State of Alabama, represented by Dixon, as the District Attorney of Baldwin County, Alabama. Under this agreement, Salter agreed to proffer his knowledge about the homicide, and Dixon agreed, on behalf of the State of Alabama, and in her

capacity as District Attorney of Baldwin County, to grant Salter immunity and/or use immunity, in that Dixon agreed that any truthful information given by Salter, or any information derived from his statements and information, would not be used against him.

11. After the agreement was reached, Dixon left the meeting. Thereafter, the meeting continued, during which Salter was questioned extensively by Captain Arthur and Sgt. Gaull about Howard's homicide.

12. Arthur and Gaull's interview of Salter was extensive, and during this initial interview, Salter truthfully answered each and every question asked by Arthur and/or Gaull. During the interview, at their request, Salter provided Arthur and Gaull his cell phone, which they examined and returned to Salter. Salter also submitted to follow up interviews in which he made additional truthful statements.

13. Salter provided truthful detailed information regarding events leading up to and including the homicide, as well as events that occurred after the homicide. Salter provided the identification of the person who shot Howard, as well as information regarding where the person could be found.

14. As a direct result of the information provided by Salter, the person responsible for the homicide was located in Jackson, Mississippi, and thereafter, a fugitive task force operated by the United States Marshal's Office in Mississippi was able to capture the person responsible for Howard's death.

15.     Dixon used the information supplied by Salter to secure the arrest and indictment of Charles Immanuel Jenkins on capital murder charges in Baldwin County, Alabama Circuit Court Case No. CC-2013-1960.

16.     The only reason that Salter made a statement to law enforcement and Dixon was due to the proffer agreement, and Salter would not have given any statement if it were not for the agreement.

17.     Salter relied the representation by Dixon that his statements would not be used against him, and as a result waived his rights under the Fifth Amendment to the United States Constitution in order to give the statements and assist the State.

18.     On June 24, 2013, almost six months after the proffer was given, the immunity agreement was reached, and Salter gave his statements, Sgt. Gaull swore out a warrant in Baldwin County, Alabama for Salter's arrest on capital murder charges.  Salter was arrested on the warrant and was held in the Baldwin County Jail with no bond.  On September 2, 2013 Salter's case was bound over to the Grand Jury after a preliminary hearing in Baldwin County District Court.

19.     Thereafter, Dixon pursued the capital murder charge against Salter in spite of the immunity agreement and the fact that Salter had performed under the agreement.  Dixon presented the matter to the Baldwin County, Alabama Grand Jury and secured a six count Indictment against Salter.  The indictment is presently pending in the Circuit Court of Baldwin County, Alabama in case number CC 2013-001961.

20. Dixon now makes the unfounded allegation that Salter violated the terms of the agreement by failing to provide truthful information. Dixon intends to use Salter's statement and the information therein, as well as other information derived from Salter's statement to prosecute a capital murder charge against Salter and to have Salter executed.

21. The information given by Salter and his statements to Dixon and law enforcement were all truthful statements and truthful information. There is no credible evidence that Salter failed to provide truthful information and statements, or that he failed to perform his part of the bargain with the Dixon and the State of Alabama.

22. The only substantive evidence available against Salter in the ongoing criminal prosecution comes directly from his statements to Dixon and the investigators, and the information contained therein. But for Salter's immunized statements, the State of Alabama would not have sufficient evidence to prosecute Salter or any other person for Howard's death. The State would not have benefited from Salter's willing assistance if Salter had known that he would later be charged with the crime.

23. Salter is entitled to equitable immunity and/or use immunity based upon the agreement described above, the statements and promises of Dixon, and Salter's reliance on these statements and promises to waive his fundamental Constitutional rights and provide potentially self-incriminating statements and information.

24. The prosecution of Salter after he was assured of immunity from prosecution by Dixon is per se a bad faith prosecution. Because Dixon's prosecution of Salter is a per se bad faith prosecution, the *Younger* abstention doctrine would not apply to prevent this Court from granting the relief requested by Salter. See eg. Rowe v. Griffin, 676 F.2d 524, 526 (11th Cir. 1982). Furthermore, Salter does not have to prove irreparable injury where it is evident that the prosecution is brought in bad faith. Id, at footnote 2.

25. In light of the Dixon's breach of the agreement, any statement from Salter would now be "coerced" evidence, and use of the evidence would be in violation of Salter's Fifth Amendment right against self-incrimination.

26. Salter has a due process right to the enforcement of his agreement with the State of Alabama and Dixon, and/or for the protection of this Court to prevent further violation of his rights.

## IV.   COUNT ONE
## DECLARATORY JUDGMENT

27. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set out herein.

28. An actual and substantial controversy exists between Plaintiff and Defendant as to their respective legal rights and duties. Salter contends that he has fully and completely performed under the immunity agreement between himself and Dixon, and that Dixon have failed to perform and has violated the agreement by

instituting and prosecuting criminal charges against Salter in connection with the Howard homicide.

29. Salter contends that he performed his part of the agreement by providing truthful information and statements to Dixon, and that these statements and information are the only basis for the criminal charges that Dixon has brought against him. Dixon contends otherwise

30. Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate. Further, as an incident of bringing and maintaining this action, Salter has incurred and/or will incur litigation costs and attorneys fees, and as such is entitled an award of reasonable attorneys' fees, expenses, and costs.

## V.   COUNT TWO
### REQUEST FOR PRELIMINARY AND PERMANENT INJUCTIVE RELIEF

31. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set out herein.

32. Dixon, in her official capacity as District Attorney for Baldwin County, Alabama, entered in to an agreement with Salter in which she promised immunity to Salter in exchange for his truthful statements and assistance concerning Howard's homicide.

33. Dixon promised that if Salter provided truthful statements and information, she would not use Slater's statements against him in order to prosecute him.

34. Salter faithfully and fully performed his part of the agreement by providing truthful information and statements to Dixon and law enforcement investigators.

35. Dixon has breached the agreement with Salter by using Salter's truthful statements and information, and/or information directly derived from his statements and/or information in order to obtain a Capital Murder Indictment and to prosecute Salter and seek the death penalty for Salter in connection with the Howard homicide.

36. Salter is entitled to the benefit of his bargain, to the enforcement of his agreement with Dixon and the State of Alabama, and to the specific performance of his bargained-for benefit under the agreement.

37. Failure of Dixon to perform as agreed deprives Salter of his fundamental Fifth Amendment right against self-incrimination and his fundamental due process rights under the Fourth Amendment to the United States Constitution.

38. Unless enjoined by this Court, Defendants will continue to violate Salter's Fifth Amendment right against self-incrimination and his due process rights under the Fourth Amendment to the United States Constitution, as well as 42 U.S.C. § 1983, by continuing to prosecute Salter in violation of his immunity agreement with Dixon on behalf of the State of Alabama.

39. Accordingly, injunctive relief, both preliminary and permanent, is appropriate pursuant to 42 U.S.C. § 1983 and other authority. Further, as an incident of bringing and maintaining this action, Salter has incurred and/or will incur litigation costs and attorneys fees, and as such is entitled an award of reasonable attorneys' fees, expenses, and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that this Honorable Court will order the following relief:

a. Declare that Salter is entitled to immunity, use immunity, and/or equitable immunity based upon the agreement between Salter and Dixon, as District Attorney of Baldwin County, Alabama;
b. Declare that Salter has performed under the immunity agreement with Dixon and the State of Alabama by providing truthful statements and information;
c. Declare that Dixon has breached the immunity agreement by instituting criminal charges against Salter which are based entirely upon his statements and the information provided by Salter, or information derived from said statements and information;
d. Declare that Salter is entitled to equitable immunity in relation to the statements and information he provided to Dixon and law enforcement in connection with the Howard homicide;
e. Preliminarily and permanently enjoin Dixon, her agents, and her successors in office, and all persons acting in concert with them, from proceeding with the Case No. CC 2013-001961;
f. Preliminarily and permanently enjoin Dixon, her agents, and her successors in office, and all persons acting in concert with them, from initiating any new proceedings against Salter in connection with the Howard homicide case or any other prosecution premised on any information contained in Salter's statements or which is derived from Salter's statements or the information contained therein;

g. Award Salter reasonable costs and attorney's fees under 28 U.S.C. § 2201 and/or 42 U.S.C. § 1983; and

h. Award such further equitable and other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ *H. Chase Dearman*
H. Chase Dearman
Attorney for Plaintiff
DEARMAN LAW FIRM, P.C.
52 St. Emanuel Street
Mobile, Alabama 36602
(251) 445-6997
chase@dearmanlawfirm.com

*/s/ William K. Bradford*
William K. Bradford
Attorney for Plaintiff
BRADFORD LADNER, LLP.
3928 Montclair Road, Suite 208
Mountain Brook, AL 35213
(205) 802-8823
wkb@bradfordladner.com